IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sterling Singleton, ) | Case No.: 8:22-cv-00940-JD-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| South Carolina Department of Corrections, ) | |
| Brian P. Stirling, Dennis Patterson, Willie ) | |
| Davis, Terry Wallace, Whittington, Willie ) | |
| Ocean, Travis Pressly, Edward Gaston, ) | |
| Robert Brannon, Ms. Labradore, William ) | |
| Gill, Shanon Dean, Anthony Berry, Tishiro ) | |
| Inabnit, Sophia Paquette, Terry Marshall, ) | |
| Dr. Kennard Dubose, Shawn Stover, and ) | |
| Myers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 74.) Plaintiff Sterling L. Singleton ("Plaintiff" or "Singleton"), proceeding *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Bryan P. Stirling, Dennis Patterson, Willie Davis, Terry Wallace, Whittington, Willie Ocean, Ms. Labrador, William Gill, Shanon Dean, Anthony Berry, Tishiro Inabnit, Sophia Paquette, Terry Marshall, Dr. Kennard Debose, Shawn Stover, and the South Carolina Department of Corrections ("SCDC") (collectively "Defendants") violated his Eighth Amendment rights when they failed to

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

protect him from an alleged assault by another inmate on April 6, 2019, while both were inmates in the High Level Behavioral Management Unit ("HLBMU") Program at Kirkland Correctional Institution ("KCI"). Plaintiff also appears to assert claims under South Carolina law including negligence, gross negligence, and a violation of his rights under Article I, § 15 of the South Carolina Constitution. (DE 1, pp. 5-7.)

On January 17, 2023, Defendants filed a Motion for Summary Judgment arguing (1) Eleventh Amendment immunity protects them in their official capacities; (2) Plaintiff has failed to show personal involvement; (3) Plaintiff has not shown an Eighth Amendment violation; (4) they are entitled to qualified immunity; (5) they are not the proper parties for any state law tort claims; and (6) the statute of limitations has run for any state law claims. (DE 41-1.) The Court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' Motion. (DE 42.) Plaintiff filed a Response in Opposition. (DE 58.) Defendants filed a Reply. (DE 73.)

The Report and Recommendation was issued on July 12, 2023, recommending Defendants' Motion for Summary Judgment be granted based on the six enumerated grounds sought by Defendants. (DE 74.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report (DE 74) and incorporates it herein.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 41) is GRANTED.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 10, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.