IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sterling L. Singleton, ) | Case No.: 9:22-cv-00940-JD-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Travis Pressley, Edward Gaston, Robert ) | |
| Brannon, and Myers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 89.) Plaintiff Sterling L. Singleton ("Plaintiff" or "Singleton"), proceeding *pro se* and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Travis Pressley, Edward Gaston, Robert Brannon, and Myers[2] (collectively "Defendants") violated his Eighth Amendment rights when they failed to protect him from an alleged assault by another inmate on April 6, 2019, while both were inmates in the High-Level Behavioral Management Unit ("HLBMU") Program at Kirkland Correctional Institution ("KCI"). Plaintiff also appears to assert claims under South Carolina law, including negligence, gross negligence, and a violation of his rights under Article I, § 15 of the South Carolina Constitution. (DE 1, pp. 5-7.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Defendant Meyers was never served in this matter. (See DE 30.)

1

On August 25, 2023, Defendants Robert Brannon, Edward Gaston, and Travis Pressley filed a Motion for Summary Judgment, seeking dismissal of this case. (DE 85). As Plaintiff is proceeding *pro se*, the Court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on August 29, 2023, which was mailed to Plaintiff and advised him of the importance of a dispositive motion and of the need to file an adequate response. (DE 86, 87.) Plaintiff was specifically advised that if he failed to file a properly supported response, Defendants' Motion may be granted, thereby ending his case. (DE 86.) Plaintiff's deadline to file a response to Defendants' Motion was September 29, 2023. See id. Notwithstanding the specific warning and instructions set forth in the Court's Roseboro Order, Plaintiff has failed to respond to the Motion or contact the Court.

The Report was issued on October 19, 2023, recommending Plaintiff's case be dismissed for lack of prosecution. (DE 89.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 89) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 27, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3